# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES McASSEY,** | : | Civil No. 4:16-CV-705 |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DISCOVERY MACHINE, INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

# MEMORANDUM ORDER

## I. Factual background

This is a *pro se* employment discrimination and retaliation action brought by James McAssey against his former employer, Discovery Machine, Inc., (DMI) and several of its individual supervisory officers and employees. Currently, the status of this case is as follows: The discovery deadline set by the court has passed and there is a potentially dispositive summary judgment motion pending before the court. Shortly after the defendants filed this summary judgment motion and the discovery deadline came to a close, McAssey filed a motion to compel further discovery. (Doc. 71.) The motion was not accompanied by a brief, as required by the local rules, was filed after the discovery deadline had passed, and did not identify the deficiencies in the prior discovery disclosures made by the defense in

any way which permits a meaningful evaluation of this motion. The defendants have opposed this motion as untimely, and improper. (Doc. 72.)

For the reasons set forth below, this motion will be denied.

## II. Discussion

Issues relating to the proper scope and nature of discovery rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery, therefore, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves

2

substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

In this case, McAssey seeks to compel discovery after the discovery deadline has elapsed, and has failed to support his motion to compel with a brief which explains the basis for the motion. This failure to file a brief has consequences for McAssey since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

Second, this discovery request, which was made one week after the discovery deadline in this case had lapsed, is untimely. Where a party submits an untimely discovery request, the court can, and in the exercise of its discretion often

should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same). This principle applies here and compels denial of this particular request.

Finally, we note that there is a potentially dispositive motion pending in this case. The district court may properly defer, delay or deny discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring or denying discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of additional factual discovery until after these claimed legal defenses are addressed by the court.

In such instances, it is clearly established that:

4

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that this motion to compel should be denied and consideration of any further discovery should be stayed at this time until after the court resolves the pending summary judgment motion or any other dispositive motion which the court may direct the parties to file. We reach this conclusion in accordance with settled case law, finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

An appropriate order follows.

## III. Order

Accordingly, for the foregoing reasons, it is ORDERED, that the plaintiff's motion to compel, (Doc. 71), is DENIED

So ordered, this 23d day of August, 2018.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge